**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-25217-GAYLES

**COMMODITIES & MINERALS**
**ENTERPRISE LTD.**,

                      Petitioner,

v.

**CVG FERROMINERA ORINOCO, C.A.**,

                      Respondent.

_____/

**ORDER GRANTING PETITION TO CONFIRM, RECOGNIZE, AND ENFORCE**
**FINAL ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**

WHEREAS, on December 19, 2019, Petitioner Commodities & Minerals Enterprise Ltd. ("Petitioner" or "CME") petitioned the Court for an Order pursuant to Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201 *et seq.*, and Article III of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 38 (the "New York Convention") confirming, recognizing, and enforcing an international arbitration award (the "Award")[1] in favor of Petitioner and against CVG Ferrominera Orinoco, C.A. ("FMO" or "Respondent") by a panel of three arbitrators (the "Panel") in an arbitration administered by the Society of Maritime Arbitrators ("SMA"), sitting in New York, New York, pursuant to the rules of the SMA (the "SMA Rules"), with respect to CME's claim for FMO's breach of the Transfer System Management Contract dated August 7, 2010 (the "TSMC");

---

[1] The "Award" refers to the Final Award dated December 20, 2018, together with Appendices A and B (the "Final Award"), as corrected by the Final Award Concerning Claimant's Motion to Correct the Final Award of December 20, 2018, dated February 11, 2019 (the "Corrected Award").

WHEREAS, on December 20, 2018, the Panel duly executed the Final Award, and on February 11, 2019, the Panel duly executed the Corrected Award, awarding CME $187,863,578.44, plus post-award interest at a rate of 5.50% per annum from December 20, 2018 until the Award is fully paid or confirmed and made a judgment of the Court;

WHEREAS, for the reasons discussed in the Award, the Panel concluded that the TSMC was a valid and binding contract which FMO failed to perform, and, therefore breached, and that CME should be awarded damages as set forth therein;

WHEREAS, on December 19, 2019, CME filed its Petition (ECF No. 1), which was accompanied by a Notice of Motion to Confirm Final Arbitration Award and for Entry of Judgment (ECF No. 4), a Memorandum of Law in Support of Motion to Confirm Final Arbitration Award and for Entry of Judgment (ECF No. 6), and an Affidavit in Support of Petition to Confirm Arbitration Award with accompanying exhibits (ECF No. 7);

WHEREAS, the parties agreed to arbitrate pursuant to Clause 41 of the TSMC, which provides, in relevant part:

> The Parties hereby expressly declare their Contract to submit to binding arbitration any and all controversies arising from, or in any way related to, this Contract and/or the execution and/or interpretation thereof, including, but not limited to, the validity and/or enforceability of this clause; and consequently further expressly waive their right to submit any such controversies to the jurisdiction of the Courts of any State/Country, including expressly, but not limited to, the jurisdiction of the Venezuelan Courts, as allowed by the Venezuelan Commercial Arbitration Act and any other applicable Venezuelan laws. . . . Arbitration shall be conducted in Miami, Florida, in accordance with the Rules of the Society of Maritime Arbitrators then in force, in the English language. The arbitration shall be exclusive and mandatory.

TSMC ¶ 41 (ECF No. 7-5);

WHEREAS, the aforementioned Clause 41 also provides that SMA Rules are to apply;

WHEREAS, Section 35 of the SMA Rules states in relevant part:

2

> Wherever parties have agreed to arbitration under these Rules, they shall be deemed to have consented to service of any papers, notices or process necessary to initiate or continue an arbitration under these Rules or a court action to confirm judgment on the Award issued. Such documents may be served:
>
> a. By mail addressed to such party or counsel at their last known address; or
>
> b. By personal service.

*See* ECF No. 14-2;

WHEREAS, on March 30, 2020, CME filed an Affidavit of Service of Bruce G. Paulsen stating that CME had served the Petition and its accompanying papers on counsel for FMO and FMO itself "at their last known address[es]," in accordance with SMA Rule 35 (ECF No. 14);

WHEREAS, on April 29, 2020, the Court issued an order (the "OTSC") directing CME to why service of process was sufficient (ECF No. 15);

WHEREAS, on May 1, 2020, CME filed its Response to the OTSC, which set forth the reasons why service of process was sufficient (ECF No. 16);

WHEREAS, the Award satisfies the FAA and the New York Convention, and no defenses to confirmation apply; and

WHEREAS, FMO has not opposed the Petition despite sufficient service and is in default;

NOW, THEREFORE, upon reading the papers submitted in support of the application, including the Notice of Motion, the Petition, the Memorandum of Law, the Affidavit of Support and accompanying exhibits, the Award, the Affidavit of Service of Bruce G. Paulsen dated March 30, 2020, and CME's Response to the OTSC, all with proof of due service thereof, all prior proceedings had herein, and upon receiving no opposition from Respondent, it is hereby

**ORDERED** that the Award is confirmed in its entirety; and

IT IS FURTHER **ORDERED** that service of the Petition and all accompanying papers on FMO was properly effected pursuant to the FAA, the New York Convention, and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(b)(1); and

IT IS FURTHER **ORDERED, ADJUDGED, AND DECREED** that CME is entitled to judgment in the amount of $187,863,578.44, plus post-award interest at a rate of 5.50% per annum from December 20, 2018 through the date of this Order and shall have execution therefor; and

IT IS FURTHER **ORDERED, ADJUDGED, AND DECREED** that CME is entitled to post-judgment interest at the federal statutory rate specified in 28 U.S.C. § 1961 and shall have execution therefor; and

IT IS FURTHER **ORDERED, ADJUDGED, AND DECREED** that CME is entitled to the costs of this proceeding, pursuant to Rule 54 of the Federal Rules of Civil Procedure, and shall have execution therefor.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of September, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE