# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-25217-GAYLES

**COMMODITIES & MINERALS ENTERPRISE LTD.**,

                Petitioner,

v.

**CVG FERROMINERA ORINOCO, C.A.**,

                Respondent.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Respondent CVG Ferrominera Orinoco, C.A.'s Motion to Vacate Order Granting Petition to Confirm, Recognize, and Enforce Final Arbitration Award and for Entry of Judgment (the "Motion"), [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I. BACKGROUND

This cause of action arises from an arbitration proceeding between Petitioner Commodities & Minerals Enterprise Ltd. and Respondent CVG Ferrominera Orinoco, C.A. At the conclusion of the arbitration hearing, a final arbitration award ("Award") was issued and the final corrected copy of the Award was delivered to Respondent on February 27, 2019. Under the Federal Arbitration Act ("FAA"), a motion to vacate, modify or correct the Award must be filed within 90 days after delivery of the Award. Respondent did not file such motion. Accordingly, on December 19, 2019, Petitioner filed a petition confirming, recognizing, and enforcing the Award in favor of Petitioner

and against Respondent (the "Petition") pursuant to Chapter 2 of the FAA, 9 U.S.C. §§ 201 *et seq.*, and Article III of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 38. [ECF No. 1]. On March 30, 2020, Petitioner filed an Affidavit of Service stating that it served the Petition and its accompanying papers on Respondent and its counsel in accordance with the Rules of the Society of Maritime Arbitrators, which the parties agreed to follow. [ECF No. 14]. The Petition was not accompanied by a summons. Accordingly, the Court issued an Order to Show Cause ("OTSC") on April 29, 2020, directing Petitioner to indicate why service on Respondent was sufficient in this action in light of Judge Goodman's Order granting Respondent's Motion to Quash Petitioner's Insufficient Service in a related action in part because no summons had been issued nor served on Respondent. [ECF No. 15]. Petitioner responded to the OTSC on May 1, 2020. [ECF No. 16]. Respondent did not make an appearance in this action.

Upon review of the Petitioner's response to the OTSC and in light of Respondent's default, the Court issued an Order confirming the Award and entered final default judgment against Respondent on September 23, 2020. [ECF No. 17]. On September 30, 2020, Respondent filed the instant Motion. [ECF No. 18]. Respondent requests that the Court vacate the Order and final judgment because Petitioner failed to serve the Petition with a summons as required by 28 U.S.C. § 1608(b) or in the alternative, vacate the Order for good cause under Federal Rule of Civil Procedure 55(c) or for excusable neglect under Federal Rule of Civil Procedure 60(b)(1)[1]. *Id.* Petitioner contends that service was properly effectuated and that Respondent cannot show good cause or excusable neglect to warrant reconsideration. [ECF No. 19].

---

[1] Respondent's Motion cites Federal Rule of Civil Procedure 60(B)(1)(b) but there is no such subsection in Rule 60. Therefore, the Court reasonably construes the Motion as being pursuant to Rule 60(b)(1).

2

## II. LEGAL STANDARD

Under Rule 60(b), a party may seek relief from a final judgment, or order, if any of the following circumstances exist:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Where service of process is insufficient, a court may set aside the final judgment under 60(b)(4) because "the court has no power to render judgment and the judgment is void." *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015). That is because "insufficient service of process implicates personal jurisdiction" and "[a] court cannot enter a binding judgment against a party over which it lacks personal jurisdiction." *Id.* at 805-06.

## III. DISCUSSION

In the instant Motion, Respondent asks the Court to vacate the final default judgment against it because service of process was insufficient. Respondent contends that Petitioner was required to serve the Petition and accompanying documents with a summons, to which Petitioner disagrees. Therefore, the question before the Court is whether service of a summons was required.

According to the Supreme Court, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Petitioner argues that although no summons was served, service was properly effectuated because 1) Petitioner complied

3

with the service provision of the Federal Arbitration Act ("FAA"); 2) any defect in service is excused because Respondent had actual notice of the action; and 3) Petitioner effectuated service pursuant to a special arrangement under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(b).

The Federal Arbitration Act ("FAA") governs service of a petition to confirm an arbitration award. 9 U.S.C. § 9. Pursuant to Section 9 of the FAA, only "notice of the application" to confirm the award is required to be served. Petitioner argues that since the FAA governs the dispute, it should be absolved from the standard requirement that a summons accompany a complaint (or petition). However, the FAA does not provide any guidance on how to serve an instrumentality of a foreign state.[2] In the absence of such guidance, courts turn to the Federal Rules of Civil Procedure. *See Grupo Unidos Por El Canal, S.A. v. Autoridad del Canal de Panama*, No. 17-cv-23996, 2018 WL 3059649, at *2 (S.D. Fla. June 20, 2018); *Americatel El Salvador, S.A. De C.V. v. Compania De Telecomunicaciones De El Salvador, S.A.*, No. 07-cv-21940, 2007 WL 2781057, at *1 (S.D. Fla. Sept. 19, 2007). Federal Rule of Civil Procedure 4(j) provides that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Section 1608(b) of the FSIA provides that service upon an instrumentality of a foreign state shall be made as follows:

> **(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
> **(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or
> **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and

---

[2] The parties agree that Respondent is an instrumentality of a foreign state.

4

complaint, together with a translation of each into the official language of the foreign state--
    **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
    **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
    **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

28 U.S.C. § 1608(b). Each of the subsections require a summons to be served. Since Petitioner did not serve a summons, Petitioner did not comply with any of the subsections in § 1608(b).

Petitioner contends that any defect in service is excused by actual notice. To support, Petitioner relies on the Eleventh Circuit case, *Harris Corp. v. Nat'l Iranian Radio & Television*, where the Court found service of process adequate because "[t]he failure to follow precisely those steps in § 1608 designed to insure that actual service be made should not override and invalidate the fact that in this case notice was actually received." 691 F.2d 1344, 1352 (11th Cir. 1982). However, *Harris* is inapposite since a summons was served in that case. Additionally, "[u]nder the FSIA, proving 'actual notice' requires more than a mere showing that somebody in the foreign state knew of the claim." *Suncoast Tech Corp. v. Hondutel, Nuestra Empresa De Telecomunicaciones*, No. 11-cv-60529, 2012 WL 5307396, at *6 (S.D. Fla. Oct. 29, 2012) (quotations omitted). In a 2017 case between these *exact* parties, this Court determined that actual notice must be accompanied by substantial compliance with the FSIA requirements. *Commodities & Minerals Enterprise Ltd. v. Respondent CVG Ferrominera Orinoco, C.A.*, 17-cv-20196-JEM, [ECF No. 16]. The Court went on to find that failure to serve a summons with the Petition cannot establish substantial compliance. *Id.* The Court further noted that a special arrangement could not absolve Petitioner's duty to comply with the summons requirement of § 1608(b). *Id.* Accordingly, the Court finds no reason to deviate from its own precedent. Thus, Petitioner's failure to serve the

5

Petition with a summons is fatal to its position.[3] *See also Americatel El Salvador*, 2007 WL 2781057, at *2 (vacating judgment order for failure to serve a summons). Because service of process was insufficient, the Court had no personal jurisdiction over Respondent to enter the default judgment. As such, the final judgment must be vacated.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Respondent's Motion to Vacate Order Granting Petition to Confirm, Recognize, and Enforce Final Arbitration Award and for Entry of Judgment, [ECF No. 18], is **GRANTED**.

2. This Court's Order Granting Petition to Confirm, Recognize, and Enforce Final Arbitration Award and for Entry of Judgment, [ECF No. 17], is **VACATED**.

3. The Petition, [ECF No. 1], is reinstated.

4. Petitioner shall promptly serve the Petition and a summons upon Respondent in accordance with 28 U.S.C. § 1608.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of July, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] While the Court originally deemed service of process sufficient in the final judgment Order, it was without the benefit of hearing from Respondent.