UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-cv-25217

COMMODITIES & MINERALS
ENTERPRISE LTD.,

                                Petitioner,

v.

CVG FERROMINERA ORINOCO, C.A.,

                                Respondent.

**FIRST AMENDED PETITION (COMPLAINT) TO CONFIRM, RECOGNIZE, AND ENFORCE FINAL ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**

Petitioner Commodities & Minerals Enterprise Ltd. ("Petitioner" or "CME"), by and through its attorneys, petitions this Court for an Order pursuant to Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201 *et seq.*, and Article III of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 38 (the "New York Convention"), confirming, recognizing, and enforcing an international arbitration award (the "Award")[1] in favor of Petitioner and against CVG Ferrominera Orinoco, C.A. ("FMO" or "Respondent") by a panel of three arbitrators (the "Panel") in an arbitration administered by the Society of Maritime Arbitrators ("SMA"), sitting in New York, New York, pursuant to the rules of the SMA (the "SMA Rules"), after a full hearing. This petition is supported by the accompanying Affidavit of Bruce G. Paulsen sworn to on December 19, 2019 ("Paulsen Aff."),

---

[1] The "Award" refers to the Final Award dated December 20, 2018, together with Appendices A and B (the "Final Award"), as corrected by the Final Award Concerning Claimant's Motion to Correct the Final Award of December 20, 2018, dated February 11, 2019 (the "Corrected Award").

and CME's Motion to Confirm Final Arbitration Award and for Entry of Judgment filed contemporaneously herewith. In support of its petition, CME respectfully states as follows:

## INTRODUCTION

1. CME brings this summary proceeding under Section 207 of the FAA, 9 U.S.C. § 207, and Article III of the New York Convention, to confirm, recognize, and enforce the Award.

2. On December 20, 2018, the Panel duly executed the Final Award, and on February 11, 2019, the Panel duly executed the Corrected Award (certified copies of which are attached as Exhibits 1 and 3, respectively, to the Paulsen Affidavit), awarding CME **$187,863,578.44**, plus post-award interest at a rate of 5.50% per annum from December 20, 2018 until the Award is fully paid or confirmed and made a judgment of the Court. *See* Corrected Award at 3.

3. The Award sets forth the Panel's findings and conclusions concerning CME's claim for FMO's breach of the Transfer System Management Contract dated August 7, 2010 (the "TSMC," attached as Exhibit 5 to the Paulsen Affidavit) for the management and operation by CME of FMO's iron ore Transfer System.[2]

4. For the reasons discussed in the Award, the Panel concluded that the TSMC was a valid and binding contract which FMO failed to perform, and, therefore breached, and that CME should be awarded damages as set forth therein.

5. CME respectfully requests that this Court confirm, recognize, and enforce the Award and incorporate their terms into a final judgment in favor of CME. CME also seeks to recover the fees and expenses incurred in confirming the Award, along with such other or further

---

[2] FMO's Transfer System is the means by which it delivers iron ore mined in the interior of Venezuela to large bulk carrier vessels, which then transport the iron ore to customers around the world. Final Award, App. A ¶ 134.

relief as the Court may find just and proper.

## PARTIES

6. CME is a company incorporated under the laws of the British Virgin Islands in the business of trading commodities and minerals, particularly iron ore. Final Award, App. A ¶ 132.

7. FMO is a company organized and existing under the laws of the Bolivarian Republic of Venezuela and an agency or instrumentality of the Venezuelan state. *See id.* ¶ 133.[3]

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this proceeding because it arises under 9 U.S.C. § 203, which implements the New York Convention. The Award falls under the New York Convention as it arises out of a legal relationship between the parties that is considered commercial and is not between citizens of the United States. *See* 9 U.S.C. § 202.

9. Venue is proper under 9 U.S.C. § 204 because the parties' arbitration agreement provided for arbitration in Miami, Florida.[4]

10. FMO is not immune from the jurisdiction of this Court under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1602 *et seq.*, and this Court therefore also has subject matter jurisdiction under 28 U.S.C. § 1330(a) because this action falls within enumerated exceptions to FSIA immunity. Specifically, under 28 U.S.C. § 1605(a)(6), this action seeks confirmation of an arbitration award governed by a treaty in force in the United States calling for the recognition and enforcement of arbitral awards – here, the New York Convention, as codified by the FAA.

---

[3] In separate proceedings in the Southern District of New York, in which CME obtained a writ of maritime attachment as security for its claims in the underlying arbitration, FMO argued that it was an "agency or instrumentality" of Venezuela under the FSIA. For purposes of this proceeding, CME assumes that FMO is an agency or instrumentality of a foreign state.

[4] By special agreement, the parties opted to conduct consolidated hearings in New York for this arbitration and a related dispute involving the time charter of the MV General Piar. *See* Final Award at 2.

11. The Court has *in personam* jurisdiction over FMO under 28 U.S.C. §§ 1330(b), which confers "[p]ersonal jurisdiction over a foreign state" and any "agency or instrumentality" thereof "as to every claim for relief" for which the foreign state does not enjoy sovereign immunity under 28 U.S.C. §§ 1605–1607, and over which the Court has subject matter jurisdiction and service "has been made under section 1608(b) of [the FSIA]." 28 U.S.C. § 1330(b); *see also* 28 U.S.C. § 1603(a)-(b) (defining "foreign state" and an "agency or instrumentality" thereof).[5]

## BACKGROUND

12. This action arises out of a series of contract disputes between CME and FMO. More specifically, the Award concerns CME's claims against FMO under the TSMC for the management and operation by CME of FMO's iron ore transfer system.

13. The parties' agreement to arbitrate is contained in Clause 41 of the TSMC, and provides, in relevant part, as follows:

> The Parties hereby expressly declare their Contract to submit to binding arbitration any and all controversies arising from, or in any way related to, this Contract and/or the execution and/or interpretation thereof, including, but not limited to, the validity and/or enforceability of this clause; and consequently further expressly waive their right to submit any ·such controversies to the jurisdiction of the Courts of any State/Country, including expressly, but not limited to, the jurisdiction of the Venezuelan Courts, as allowed by the Venezuelan Commercial Arbitration Act and any other applicable Venezuelan laws. . . . Arbitration shall be conducted in Miami, Florida, in accordance with the Rules of the Society of

---

[5] Upon filing this petition, CME will effect service upon FMO pursuant to 28 U.S.C. § 1608(b)(1), which provides that "[s]ervice in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality." 28 U.S.C. § 1608(b)(1). The parties' agreement to arbitrate any disputes under the TSMC pursuant to the rules of the SMA constitutes a "special arrangement" for service, as Rule 35 of the SMA provides that "[w]herever parties have agreed to arbitration under these Rules, they shall be deemed to have consented to service of any papers, notices or process necessary to initiate or continue . . . a court action to confirm judgment on the Award issued," and documents may be served "[b]y mail addressed to such party or counsel at their last known address." SMA Rule 35.

>      Maritime Arbitrators then in force, in the English language. The
>      arbitration shall be exclusive and mandatory.

TSMC ¶ 41.

14. Clause 41 further specifies that the arbitration panel shall consist of three arbitrators, one to be appointed by each of the parties and the third by the two so chosen. *Id.* The arbitration clause also provides that the SMA Rules (attached as Exhibit 6 to the Paulsen Affidavit) are to apply. *See id.*

15. Pursuant to Clause 40, the TSMC was to be governed by the General Maritime Law of the United States of America. *Id.* ¶ 40.

16. On February 9, 2016, CME commenced arbitration pursuant to the above-referenced terms of the TSMC, and appointed A.J. Siciliano to the Panel. *See* Final Award App. A ¶ 9; *see also* Paulsen Aff. Ex. 7.

17. On April 10, 2016, FMO appointed George Wentz. *Id.* On June 1, 2016, Messrs. Siciliano and Wentz appointed John D. Kimball, Esq. to serve as the third arbitrator and chairperson of the Panel. *Id.* Thereafter, the parties confirmed their acceptance of the Panel. *Id.*; *see also* Paulsen Aff. Ex. 8.

18. In the arbitration, CME asserted that FMO breached the TSMC and was liable to CME in the amount of $97,695,046.94 in outstanding invoices, $37,608,899.96 in lost profits, and interest on all unpaid and outstanding invoices at the contractual rate of 12% per annum (pursuant to clause 43 of the TSMC). *See* Final Award App. A ¶ 106. Alternatively, CME asserted a claim for account stated in the amount of $96,804,020.59. *See id.* ¶ 107. CME also sought prejudgment interest and reasonable attorneys' fees and costs, including arbitrators' fees and expenses, upon any award issued by the Panel, under applicable law and SMA rules pursuant to Clause 41 of the TSMC. *See id.* ¶ 108.

19. FMO denied liability and asserted a variety of defenses, including that the arbitration agreement was null and void, unenforceable and incapable of being performed, as well as counterclaims in the amount of $18,598,547.16 for crew salaries and $12,160,000.00 for CME's alleged failure to maintain the Punta Barima Pilot Station. *See id.* ¶¶ 112-19, 128.

20. On January 5, 2017, the Panel issued a unanimous partial final award granting in part CME's motions for partial security and denying FMO's motions to dismiss the arbitration for lack of jurisdiction (the "Partial Final Award"), and directed FMO to deposit $62,730,279.98 into an escrow account to be established by the parties to serve as security for CME's claims under the TSMC. *See* Final Award App. A ¶ 22.

21. On July 18, 2018, this Court (Martinez, U.S.D.J.) granted CME's petition to confirm the Partial Final Award and denied FMO's motion to vacate same. *See Commodities & Minerals Enter. v. CVG Ferrominera Orinoco*, 2018 U.S. Dist. LEXIS 120909, at *24 (S.D. Fla. July 18, 2018) ("CME I").

22. After noting that "[t]his case falls under the confines of the New York Convention," this Court concluded as follows:

> (i) "the arbitration panel did not exceed its power by issuing a preliminary award to CME," *id.* at *15;
>
> (ii) "the validity and enforcement of the arbitration clause is a matter for the arbitration, not the Court, to decide," *id.* at *18;
>
> (iii) "the text of . . . the TSMC supersedes [FMO's] arguments that the arbitration clause is invalid because it is not in compliance with the applicable Venezuelan laws," *id.* at *19;
>
> (iv) an analysis of Venezuelan law both "[u]nnecesary" and "[i]nappropriate" as the TSMC provides for the application of the General Maritime Law of the United States of America, and thus FMO's arguments in this regard were "groundless," *id.* at *19-20;
>
> (v) "there is no evidence that [the separate Commercial Alliance Agreement entered into by the parties] was intended to override the

> arbitration clause or the choice of law clause in the TSMC," *id.* at *21; and
>
> (vi) "there is no ambiguity or uncertainty in the award that requires further clarification, nor did the arbitrators exceed their power under the SMA, . . . "[t]herefore, this Court finds no reason to remand the [Partial Final] Award to the Arbitration Panel," *id.* at *24.

23. FMO initially appealed this Court's decision to the Eleventh Circuit Court of Appeals, but later moved for voluntary dismissal of the appeal, which was granted on October 25, 2018. *See* Order of Dismissal, *Commodities & Minerals Enter. v. CVG Ferrominera Orinoco*, 18-13462-AA (11th Cir. Oct. 25, 2018).

24. Following the issuance of the Partial Final Award in January 2017 (and while the above proceedings were pending in this Court), the Panel held an additional twenty-two (22) days of hearings, heard testimony from fact and expert witnesses called by CME and FMO, and received numerous, voluminous written submissions from both parties. *See* Final Award App. A ¶¶ 8-86.

25. Thereafter, the Panel rendered the Award, which was delivered to FMO pursuant to SMA Rules on December 24, 2018 (the Final Award), and February 25, 2019 (the Corrected Award). *See* Paulsen Aff. Exs. 2 & 4.

26. In its Award, the Panel concluded that the TSMC was a valid and binding contract which FMO failed to perform and, therefore breached, causing CME damages in the total amount of $187,863,578.44, plus post-award interest at a rate of 5.50% per annum from December 20, 2018 until the Award is fully paid or confirmed and made a judgment of the Court. *See* Corrected Award at 3.

27. The Award is final and enforceable with respect to CME's claims under the TSMC, and expressly provides that it may be confirmed by the United States District Court for the Southern Districts of New York and Florida, or any other court which may have jurisdiction. *See* Final Award at 3; Corrected Award at 3.

28. Any motion to vacate, modify or correct the Award under the FAA was required to be filed within 90 days after delivery of the Award; no such motion has been filed. *See* Paulsen Aff ¶ 8. Nor has FMO made any payments whatsoever to CME in satisfaction of the Award. *Id.*

**WHEREFORE**, Petitioner CME respectfully requests that this Court (a) confirm the Award, (b) direct the Clerk to enter final judgment thereon against FMO, including interest on $187,863,578.44 at 5.50% per annum from December 20, 2018 until the date of judgment, and at the statutory rate thereafter; (c) grant Petitioner its costs and expenses, including reasonable attorney's fees, in this proceeding; and (d) grant Petitioner such other and further relief as the Court deems just and proper.

Dated: July 19, 2021

**MOORE & COMPANY, P.A.**
*Counsel for Petitioner Commodities & Minerals Enterprise Ltd.*
255 Aragon Avenue, Third Floor
Coral Gables, Florida 33134
Phone: 786-221-0600
Fax: 786-221-0601
michael@moore-and-co.com

/s Michael T. Moore
Florida Bar No. 207845

*Of Counsel*
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Fax: (212) 480-8421
paulsen@sewkis.com
maloney@sewkis.com
millerl@sewkis.com

/s Bruce G. Paulsen
Bruce G. Paulsen
Brian P. Maloney
Laura E. Miller