**CONTRATO DE GERENCIA DEL SISTEMA DE TRANSFERENCIA**

**CONTRATO DE DEL GENERAL PIAR**

**SOCIEDAD DE ÁRBITROS MARÍTIMOS**

COMMODITIES & MINERALS ENTERPRISE, LTD,

*Demandante,*

*contra*

C.V.G. FERROMINERA ORINOCO, C.A.,

*Demandada.*

**DECLARACIÓN TESTIMONIAL**

Paula María Ziri-Castro López

**17 DE MAYO DE 2017**

Quien suscribe, Paula María Zirí-Castro López, de nacionalidad Venezolana, mayor de edad, titular de la cédula de identidad N° V-16225219, de profesión abogado, egresada de la Universidad Santa María, Especialista en el Ejercicio de la Función Fiscal egresada de la Escuela Nacional de Fiscales del Ministerio Público, laborando actualmente en el Ministerio Público en la República Bolivariana de Venezuela, con el cargo de Directora Contra la Corrupción desde el 20/01/2016 según resolución 051, publicada en gaceta oficial N° 40833 de fecha 21/01/2016, desempeñando distintos cargos dentro de la referida institución tales como Fiscal Provisorio Quincuagésima Séptima Nacional Plena, Fiscal Provisorio Septuagésima Octava del Área Metropolitana de Caracas, Fiscal Auxiliar Interino Quincuagésimo Tercero Nacional Plena, Fiscal Auxiliar Interino Quinta Nacional Plena y Fiscal Auxiliar Interino Septuagésimo Octavo del Área Metropolitana de Caracas.

Es el caso, que el 11 de junio de 2013, se inició una investigación penal identificada con la nomenclatura MP-241620-2013, por ante las Fiscalías Quincuagésima Sexta Nacional Plena y Quincuagésima Séptima Nacional Plena a cargo de las Fiscales Provisorias Milvira Asney Caraballo Araque y por quien aquí suscribe, ello según comisión conferida por la Dirección Contra la Corrupción del Ministerio Público N° DCC-250-241620-2013, en virtud de la denuncia presentada por el ciudadano Ricardo José Menéndez Prieto, en su carácter de Ministro del Poder Popular para Industrias, ante la Fiscalía General de la República, en donde señala la presunta existencia de irregularidades ocurridas en la empresa del Estado Venezolano, CVG FERROMINERA ORINOCO, C.A., con motivo de la suscripción de un Acta Compromiso, con la cual se desviaron recursos que estaban inicialmente destinado para el Proyecto Marco del Plan Patria Guayana 2013, por parte del ciudadano RADWAN SABBAGH ACHKAR, titular de la Cédula de Identidad N° V-8.358.125, quien actuando en su condición de Presidente de la CVG Ferrominera Orinoco, C.A. presuntamente transfirió recursos públicos con otro destino al que estaba autorizado mediante Punto de Cuenta, cuyos fines eran específicos, empleándolos sin embargo bajo otras formas no solicitadas, ni autorizadas y trasladando los fondos para otros fines.

Es así, como al iniciarse la presente investigación penal, se pudo constatar otra serie de irregularidades, además de la ya denunciada, constatando la concurrencia de estos hechos que evidenciaron la existencia de acciones delictivas por parte de un grupo de funcionarios de la empresa CVG FERROMINERA ORINOCO, C.A., y representantes de empresas privadas, orientando así la investigación no sólo a la desviación de los recursos otorgados a la empresa Ferrominera Orinoco para el Proyecto Marco del Plan Patria Guayana 2013, sino también, sobre los procesos de contratación llevados a cabo con



empresas nacionales e internacionales, ello en virtud que la ligereza implementada para la administración de los recursos por parte de las distintas autoridades dentro de la empresa CVG FERROMINERA ORINOCO, C.A., denotando contravención a los principios de honestidad, transparencia, participación, eficiencia, eficacia, legalidad, rendición de cuentas y responsabilidad que exige el artículo 6 de la Ley Contra la Corrupción (publicada en Gaceta Oficial Extraordinaria N° 5637 de fecha 07/04/2003), a todos los funcionarios públicos que administran bienes y recursos del Estado Venezolano.

Por lo antes indicado, se procedió a analizar la suscripción de un conjunto de contratos, algunos de ellos enmarcados dentro de Alianzas Comerciales, con empresas internacionales que cedían ciertos derechos a empresas nacionales para la entrega de bienes y realización de servicios a cambio de un pago estimado en toneladas de mineral de hierro, siendo que muchos de estas Alianzas Comerciales no fueron discutidas antes las máximas autoridades de la empresa CVG Ferrominera Orinoco C.A., como lo es la Junta Directiva, obviando así un requisito fundamental para la suscripción de alianzas y contratos, ello con el fin de poder evadir procesos de contratación tal y como lo exige las leyes. Tal es el caso de la empresa COMMODITIES & MINERALS ENTERPRISES LTD, siendo su representante en Venezuela el ciudadano **TYRONE VICENTE SERRAO BAPTISTA**, titular de la cédula de identidad V-**4.939.719**, cuyas contrataciones presuntamente fueron realizadas a través de métodos no acordes con las leyes nacionales tales como la Ley de Contrataciones Públicas (Gaceta Oficial extraordinaria N° 39503 de fecha 06/09/2010) y la ya citada Ley Contra la Corrupción que rigen la materia y en la propia normativa interna de la empresa CVG FERROMINERA ORINOCO, C.A., obviando así los canales regulares para la aprobación de dichos contratos, tal y como consta de las inspecciones realizadas a los libros de junta directiva de la empresa Ferrominera Orinoco, en el cual no se aprecia la discusión de dicha alianza o contrato con esta máxima autoridad para su aprobación.

Ahora bien, de la investigación adelantada por el Ministerio Público, se evidencia que presuntamente el ciudadano **TYRONE VICENTE SERRAO BAPTISTA,** representante legal en Venezuela de la empresa Commodities & Minerals Enterprises LTD, suscribió contratos con la empresa CVG Ferrominera Orinoco, C.A, bajo la modalidad de Alianza Comercial, con la cual se pretendía la evasión de los procedimientos de contratación previsto en la normativa legal vigente y garantizaba que la adjudicación de los contratos se realizara a la misma empresa, evadiendo así la posibilidad de contratación con otras empresas que prestaran servicios similares a esta, estableciendo como modalidad de pago la Compensación de Mineral de Hierro, ello fue así gracias a la anuencia del



ciudadano Radwam Sabbagh, quien para la fecha de los hechos era el presidente de la empresa CVG Ferrominera Orinoco. Asimismo, se observó del análisis previo que los bienes adquiridos dentro del convenio de Alianza Comercial presentaban un excesivo sobreprecio en la estimación de los costos, lo que generó el desvío de fondos del estado Venezolano a favor de esta empresa Commodities & Minerals Enterprises LTD.

Lo antes descrito hace presumir la participación del ciudadano **TYRONE VICENTE SERRAO BAPTISTA** con el ex presidente encargado de la empresa CVG Ferrominera Orinoco, C.A, Radwam Sabbagh, en la comisión de delitos en perjuicio del Estado Venezolano, toda vez que se constató la aceptación y cancelación de dinero bajo la modalidad de pago por compensación de mineral de hierro, de manera desproporcional con el servicio realmente prestado, situación que paulatinamente debilitó la estructura económica de la empresa CVG Ferrominera Orinoco, C.A, favoreciendo la distracción de recursos a la empresas Commodities & Minerals Enterprises LTD, con precios de venta por debajo del precio referencia internacional, en algunos casos y evidente sobreprecio en la estimación de los bienes y servicios adquiridos.

Del análisis realizado a la Alianza suscrita entre la empresa CVG Ferrominara Orinoco C.A. y la empresas Commodities & Minerals Enterprises LTD tenemos que en fecha 23 de septiembre de 2011, la Gerencia General de Operaciones Mineras presenta punto de cuenta al Presidente con motivo de la ALIANZA COMERCIAL FERROMINERA – CME PARA EXPLOTACION CONJUNTA DE LOS YACIMIENTOS MINEROS CERRO BOLÍVAR Y LOS BARRANCOS – CIUDAD PIAR; autorizada por el presidente de la CVG Ferrominera Orinoco, C.A., Radwan Sabbagh, el cual fue efectuado con referencia al Convenio Marco suscrito entre la Corporación Venezolana de Guayana y la empresa CME, de fecha **30 de enero de 2009**, que establecía únicamente la explotación del yacimiento minero Cerro Bolívar, ubicado en Ciudad Piar, Municipio Raúl Leoni del estado Bolívar, cuya actividad de extracción de mineral era **competencia exclusiva de la CVG Ferrominera Orinoco**, ello según la Cláusula Segunda de la mencionada Alianza.

En fecha **21 de diciembre de 2010**, el presidente de la CVG Ferrominera Orinoco, C.A. suscribe Contrato de Alianza Comercial con el ciudadano TYRONE SERRAO, en Representación de la empresa Commodities & Minerals Enterprises, LTD (CME) el cual establece como objeto acometer las actividades que sean necesarias para regular los términos y condiciones de la alianza comercial para la reapertura y explotación del Yacimiento Minero Cerro Bolívar, sin embargo excediéndose de los términos previstos en el contrato marco, al incluir procesos de explotación de mineral incluso en el Cerro Los Barrancos, actividad que por normativa legal es exclusiva del Estado Venezolano. Los servicios a prestar por

parte de la empresa establecieron como modalidad de pago la compensación con mineral de hierro con precios que afectaron la economía de la empresa, siendo que por parte de la Procuraduría General de la República este tipo de modalidades de pago está prohibida, justamente por las consecuencias negativas que este tipo de modalidades de pago genera en la economía de las empresas.

Asimismo, del resultado del Segundo Avance de Experticia Contable y Financiera Selectiva de los Procesos Relacionados con las Alianzas Comerciales suscritas por la empresa "CVG FERROMINERA ORINOCO, C.A.", durante los años 2011 y 2012, así como, la verificación financiera de los recursos aprobados en el marco del Plan de la Patria Guayana 2013, a cargo de los expertos adscritos a la Contraloría General de la República, se establece en cuanto al contrato suscrito con la empresa CME, representada por el ciudadano Tyrone Serrao, lo siguiente:

> *"...Respecto a la alianza con la empresa Comodities and Minerals Enterprises LTD.*
>
> *1. Partiendo del Convenio Marco suscrito entre la Corporación Venezolana de Guayana (CVG) y la empresa Comodities and Minerals Enterprises LTD (CME), en fecha 30/01/2009, cuyo objeto es reactivar la explotación del yacimiento minero Cerro Bolívar bajo un esquema de Alianza Comercial con CVG Ferrominera Orinoco (FMO) y CME, el presidente de FMO, ciudadano Radwan Sabbagh Achkar, aprobó el Punto de Cuenta N° 024/11 de fecha 23/09/11, solicitado por la **Gerencia General de Operaciones Mineras**, suscrito por el Gerente General de Operaciones Mineras, Gerente Técnico de Operaciones Mineras, Jefe del Departamento de Planificación, Gerente de Administración, Gerente General de Planificación Estratégica, Gerente General de Administración y Finanzas, ciudadana María Rodríguez y el Consultor Jurídico, ciudadano Noel Ramírez mediante el cual se acordó la suscripción de contratos que ascienden a la cantidad de Dólares **$.423.813.000,00**; sin embargo, a la fecha no se ha determinado con precisión la suscripción y ejecución de los contratos señalados en el referido Punto de Cuenta al Presidente, situación que se analizará posteriormente..."*

Por las razones de hecho antes descrita el Ministerio Público, a través de las Fiscales comisionadas en el caso, solicitaron en fecha **23/10/2013**, al Tribunal Noveno de Primera Instancia en Funciones de Control del Circuito Judicial Penal del Área Metropolitana de Caracas en la causa N° **9C-18155-13**, orden de

aprehensión en contra del ciudadano **TYRONE VICENTE SERRAO BAPTISTA**, por los delitos de **Cooperador Inmediato del delito de Peculado Doloso Propio, Concertación de Funcionario Público con Contratista y Asociación para Delinquir**, previstos y sancionados en los artículos 52 de la Ley Contra la Corrupción en relación con el artículo 83 del Código Penal (Gaceta Oficinal N° 5768 Extraordinaria del 13/04/2005); artículo 70 de la Ley Contra la Corrupción; y artículo 37 de la Ley Contra la Delincuencia Organizada y Financiamiento al Terrorismo (Gaceta Oficial N° 39912 del 30/04/2012).

Dicha orden de aprehensión fue acordada por el mencionado Tribunal en fecha 24/10/2013, por considerar que existen elementos suficientes para presumir la participación del ciudadano **TYRONE VICENTE SERRAO BAPTISTA**, representante de la empresa Commodities & Minerals Enterprises, LTD (CME), en la República Bolivariana de Venezuela, por los delitos antes mencionados, por tal motivo el referido ciudadano se encuentra como SOLICITADO desde el 24/10/2013 según oficio 2303-2013 de esa misma fecha, el cual fue emanado del Juzgado Noveno de Primera Instancia en Funciones de Control del Circuito Judicial Penal del Área Metropolitana de Caracas, en el Sistema de Investigación e Información Policial del Cuerpo de Investigaciones Científicas Penales y Criminalística, tal y como lo indican el oficio de fecha 15/03/2017, emanado de la División de Información Policial del Cuerpo de Investigaciones Científicas Penales y Criminalística, suscrito por José Martín Comisario Jefe de la División de Información Policial.

Por otra parte, es de hacer notar que el ciudadano **TYRONE VICENTE SERRAO BAPTISTA**, le fue solicitada la inclusión en el sistema i-24/7, en fecha 15/03/2017, mediante oficio 01-FMP-57-NN-0200-2017 emanado de la Fiscalía Quincuagésima Séptima Nacional Plena, ello en virtud que el mismo no se ha presentado ante las autoridades judiciales competentes, a los fines de seguirse el proceso en su contra, estando así abstraído de la justicia Venezolana, haciendo con ello que permanezca impune su participación en los hechos antes descritos.

No obstante, es menester indicar que en la presente investigación el Ministerio Público, presentó formal acusación en contra del ex presidente de la empresa CVG Ferrominera Orinoco C.A. **RADWAN SABBAGH ACHKAR,** titular de la cédula de identidad N° **V-8.358.125,** en fecha **26/08/2013**, por los delitos de **PECULADO DOLOSO PROPIO, MALVERSACIÓN AGRAVADA, EVASIÓN DE PROCEDIMIENTOS DE LICITACIÓN, CONCERTACIÓN DE FUNCIONARIOS PÚBLICO CON CONTRATISTA,** previstos y sancionados en los artículos 52, 57, 58 y 70 de la Ley Contra la Corrupción, respectivamente, así como del delito de **ASOCIACIÓN PARA DELINQUIR**, previsto y sancionado en el artículo 37 en relación con el artículo 27 de la Ley Orgánica Contra la Delincuencia Organizada y



Financiamiento al Terrorismo, ello en virtud de su participación en los hechos antes descritos, siendo que en fecha **21/07/2016**, el mencionado ciudadano manifestó su voluntad de admitir los hechos por los cuales fue acusado ante el Tribunal Sexto de Primera Instancia en Funciones de Juicio del Circuito Judicial Penal del Área Metropolitana de Caracas, en la causa identificada con el número **6J-969-2015**, quedando condenado a 6 años de prisión, multa del 20 % del monto del daño patrimonial con respecto al delito de Peculado Doloso Propio, y 70% de multa con relación al delito de Concierto de Funcionario Público con Contratista, así como las penas accesorias de ley previstas en los artículos 16 del Código Penal y 96 de la Ley Contra la Corrupción (vigente para el momento de los hechos).

Por estos mismos hechos, pero con distintos grados de participación también fueron acusados por parte del Ministerio Público, en fecha **04/09/2013**, los ciudadanos **MARIA CAROLINA ACOSTA**, titular de la cédula de identidad N° V-8.528.392, Gerente de Finanza de la empresa CVG Ferrominera Orinoco C.A., por la comisión de los delitos de **Facilitadora del delito de Peculado Doloso Propio, Malversación Agravada Y Asociación Para Delinquir**, previstos y sancionados en los artículos 52 de la Ley Contra la Corrupción en relación con el artículo 84, numeral 3, del código Penal; artículo 57 de la Ley Contra la Corrupción; y, artículo 37 de la Ley Contra la Delincuencia Organizada y Financiamiento al Terrorismo, respectivamente; **MARIA ISABEL RODRIGUEZ HIDALGO**, titular de la cédula de identidad N° V-5.393.707, Gerente General de Administración y Finanzas de la empresa CVG Ferrominera Orinoco C.A. por la comisión de los delitos de **Peculado Doloso Propio, Malversación Agravada Y Asociación Para Delinquir**, previstos y sancionados en los artículos 52 y 57 de la Ley Contra la Corrupción, los dos primeros, y artículo 37 de la Ley Contra la Delincuencia Organizada y Financiamiento al Terrorismo; **NOEL ANTONIO RAMIREZ BASTARDO**, titular de la cédula de identidad N° V-8.872.746, Consultor Jurídico de la empresa CVG Ferrominera Orinoco C.A. **Cómplice del Delito De Peculado Doloso Propio** y **Asociación Para Delinquir**, previstos y sancionados en los artículos 52 de la Ley Contra la Corrupción en relación con el artículo 84, numeral 3, del Código Penal; artículo 57 de la Ley Contra la Corrupción y artículo 37 de la Ley Contra la Delincuencia Organizada y Financiamiento al Terrorismo.

Asimismo, en fecha **19/12/2013** fue acusado por parte del Ministerio Público el ciudadano **ANGEL RAMÓN CAMPERO FRANCO**, titular de la cédula de identidad N° V-8.955.242, Gerente Técnico de Operaciones Mineras de la empresa CVG Ferrominera Orinoco C.A, por los delitos de **Cooperador Inmediato en el delito de Peculado Doloso Propio** y **Asociación Para Delinquir**, previsto y sancionado en el artículo 52 de la Ley Contra la Corrupción

en relación con el artículo 83 del Código Penal, y artículo 37 de la Ley Contra la Delincuencia Organizada y Financiamiento al Terrorismo.

Así las cosas y en virtud de los contundentes medios de prueba presentados por el Ministerio Público en los escritos acusatorios en contra de los ciudadanos **MARIA CAROLINA ACOSTA, MARIA ISABEL RODRIGUEZ HIDALGO y ANGEL RAMÓN CAMPERO FRANCO**, en fecha **30/04/2015**, en la audiencia preliminar celebrada en el Tribunal Noveno de Primera Instancia en Funciones de Control de la Circunscripción Judicial del Área Metropolitana de Caracas, los ciudadanos antes indicados manifestaron su voluntad de admitir los hechos por los cuales fueron acusados, siendo que en el caso de **MARIA CAROLINA ACOSTA,** la misma fue condenada a 5 años y 2 meses de prisión, en el caso de **MARIA ISABEL RODRIGUEZ HIDALGO,** fue condenada a 5 años y 2 meses de prisión y **ANGEL RAMÓN CAMPERO FRANCO,** fue condenado a 3 años y 6 meses de prisión, todos los acusados antes indicados fueron impuestos al pago de la multa del 20% del daño patrimonial causado al Estado Venezolano en la figura de la empresa CVG Ferrominera Orinoco C.A. y a la pena accesoria de inhabilitación para ejercicio de cargo público previsto en el artículo 96 de la Ley Contra la Corrupción.

En lo que respecta al ciudadano <u>**NOEL ANTONIO RAMIREZ BASTARDO**</u>, titular de la cédula de identidad N° V-8.872.746, el mismo aún continua con una medida judicial privativa de libertad de conformidad con lo establecido en los artículos 236, 237 y 238 del Código Orgánico Procesal Penal, por no varias las circunstancias de tiempo, modo y lugar que generaron la misma y su causa permanece por ante el Tribunal Sexto de Primera Instancia en Funciones de Juicio del Circuito Judicial Penal del Área Metropolitana de Caracas, en el expediente identificada con el número 6J-969-2015, aperturándose la audiencia de juicio oral y público en fecha 01/03/2017.

No obstante, la investigación para el ciudadano **TYRONE VICENTE SERRAO BAPTISTA**, así como la de otras personas a quienes también se le sigue proceso penal en su contra por estos mismos hechos en la República Bolivariana de Venezuela, sigue aperturado, esperando que los mismos se presenten antes las autoridades competentes a los fines de determinar su responsabilidad en los hechos antes descritos.

# CERTIFIED TRANSLATION

# TRANSFER SYSTEM MANAGEMENT CONTRACT

# GENERAL PIAR TIME CHARTER CONTRACT

## SOCIETY OF MARITME ARBITRATORS

COMMODITIES & MINERALS ENTERPRISE, LTD,

*Claimant,*

v.

C.V.G. FERROMINERA ORINOCO, C.A.,

*Respondent.*

**Fact Witness Statement of PAULA MARÍA ZIRI-CASTRO LÓPEZ**

**17 May 2017**

The undersigned, Paula María Ziri-Castro López, of Venezuelan nationality, adult, holder of identity card Nº V-16225219, a lawyer by profession, graduate of Universidad Santa María, specialist in Prosecuting matters, graduate of the National College of Public Prosecutors of the Public Prosecutor's Office, currently working for the Public Prosecutor's Office in the Bolivarian Republic of Venezuela as head of the Anti-Corruption Department since 20/01/2016, according to resolution 051, published in Official Gazette Nº 40833 dated 21/01/2016, occupying various posts within that institution such as Full National Fifty-Seventh Provisional Prosecutor for the Metropolitan Area of Caracas, National Full Interim Fifty-Third Auxiliary Public Prosecutor and Interim Seventy-Eighth Auxiliary Public Prosecutor for the Metropolitan Area of Caracas.

On 11th June 2013, a criminal investigation was initiated, identified by the reference MP-241620-2013, before Full National Public Prosecution Offices Fifty-Six and Fifty-Seven, headed by the Provisional Public Prosecutors Milvira Asney Caraballo Araque and the undersigned, in accordance with commission Nº DCC-250-241620-2013, entrusted to them by the Public Prosecutor's Anti-Corruption Department, by virtue of the denunciation presented by citizen Ricardo José Menéndez Prieto in his capacity as the People's Minister for Industry, before the General Public Prosecution Office of the Republic, in which he reported the presumed existence of irregularities in the Venezuelan State Company CVG FERROMINERA ORINOCO, C.A. concerning the signature of a Settlement Document by means of which funds initially destined for the FrameWork Project of the 2013 Guyana Patria Plan were diverted by citizen RADWAN SABBAGH ACHKAR, with identity Nº V-8.358.125, who, in his capacity as the Chairman of CVG Ferrominera Orinoco, C.A., presumably transferred public funds to a destination other than the one authorised by an Update Report, whose purposes were specific, but in fact using them in other forms not applied for or authorised, and transferring the funds for other purposes.

Thus, as had happened when the present criminal investigation began, it was possible to observe another series of irregularities in addition to the one already denounced, and facts were discovered demonstrating the existence of crimes by a group of employees of CVG FERROMINERA ORINOCO, C.A., and representatives of private companies, the investigation therefore being directed not only at the diversion of the funds granted to Ferrominera Orinoco for the FrameWork Project of the 2013 Guyana Patria Plan, but also concerning the contracting procedures implemented with national and international companies, all because of the careless way in which funds were administered by the various authorities within CVG FERROMINERA ORINOCO, C.A., denoting a contravention of the principles of honesty, transparency, participation, efficiency, effectiveness, legality, the rendition of accounts and responsibility required under article 6 of the Anti-Corruption Law (published in Extraordinary Official Gazette Nº 5637 dated 07/04/2003), expected of all public officials who administer Venezuelan State assets and funds.

For the foregoing reasons, an analysis was made of the signature of a set of contracts, some of them in the context of Commercial Alliances, with international companies which transferred certain of their rights to national companies for the delivery of goods and the provision of services in exchange for a payment estimated in tonnes of iron ore. The fact is that many of those Commercial Alliances had not been discussed with the senior authorities of CVG Ferrominera Orinoco C.A., such as the board of directors, thus avoiding a fundamental requirement for the signature of alliances and contracts, with the aim of evading the contracting procedures required by law. Such was the case with COMMODITIES & MINERALS ENTERPRISES LTD, whose representative in Venezuela is citizen **TYRONE VICENTE SERRAO BAPTISTA**, holder of identity Nº **V-4.939.719**, whose contracts were presumably agreed using methods not in compliance with national laws such as the Public Contracts Law (Extraordinary Official Gazette Nº 39503 dated 06/09/2010) and the aforementioned Anti-Corruption Law governing the matter, and the internal regulations of CVG FERROMINERA ORINOCO, C.A. itself, thus avoiding the proper channels for the approval of those contracts, as can be ascertained from the inspections made of the books of the board of directors of Ferrominera Orinoco, which contain no record of a discussion for the approval of that alliance or contract with the company's senior authority.

Now, from the investigation carried out by the Public Prosecutor's Office, it can be seen that, presumably, citizen TYRONE VICENTE SERRAO BAPTISTA, the legal representative in Venezuela of Commodities & Minerals Enterprises Ltd, signed contracts with CVG Ferrominera Orinoco, C.A., in the form of a Commercial Alliance, with the aim of evading the contracting procedures envisaged in current legislation and so guaranteed that the contracts would be awarded to his company, thus avoiding the possibility that contracts might be agreed with other companies offering similar services to those offered by Commodities & Minerals Enterprises Ltd, establishing as the method of payment a compensation with iron ore, made possible thanks to the consent of citizen Radwam Sabbagh who, at the time of the events, was chairman of CVG Ferrominera Orinoco. In the previous analysis, it had also been observed that the assets acquired in the Commercial Alliance agreement were substantially overpriced in the estimate of the costs, generating the diversion of Venezuelan State funds to that company, Commodities & Minerals Enterprises Ltd.

The foregoing statement allows the presumption that citizen **TYRONE VICENTE SERRAO BAPTISTA** participated with the ex-chairman of CVG Ferrominera Orinoco, C.A., Radwam Sabbagh, in committing crimes against the Venezuelan State, as the acceptance and receipt of money in the form of compensation with iron ore was noted, in amounts disproportionate to the service actually rendered, a situation which gradually weakened the economic structure of CVG Ferrominera Orinoco, C.A., favouring the diversion of funds to Commodities & Minerals Enterprises Ltd, with sale prices below the international price of reference, in some cases, and obvious overpricing in the estimate of the assets and services acquired.

From the analysis of the Alliance signed between CVG Ferrominera Orinoco, C.A. and Commodities & Minerals Enterprises Ltd, we note that on 23rd September 2011 the General Management of Mining Operations presented an Update Report to the Chairman concerning the COMMERCIAL ALLIANCE BETWEEN FERROMINERA AND CME FOR THE JOINT OPERATION OF THE MINERAL DEPOSITS OF CERRO BOLIVAR AND LOS BARRANCOS – CIUDAD PIAR, authorised by the chairman of CVG Ferrominera Orinoco, CA., Radwan Sabbagh, agreed with reference to the FrameWork Agreement signed between Corporación Venezolana de Guayana and CME, dated **30th January 2009**, which established only the operation of the Cerro Bolívar mineral deposit, situated in Ciudad Piar, Municipality of Raúl Leoni in the state of Bolívar, whose mineral extraction activity was exclusively the **remit of CVG Ferrominera Orinoco**, in accordance with Clause Two of the aforementioned Alliance.

On **21st December 2010**, the chairman of CVG Ferrominera Orinoco, C.A. signed a Commercial Alliance Contract with citizen TYRONE SERRAO, representing Commodities & Minerals Enterprises, Ltd (CME), whose purpose was to perform on whatever activities would be necessary to regulate the terms and conditions of the commercial alliance for the reopening and operation of the Cerro Bolívar Mineral Deposit, but nevertheless going beyond the terms envisaged in the FrameWork Agreement by including processes for the exploitation of the minerals located at Cerro Los Barrancos, an activity which, as laid down by law, is exclusively the remit of the Venezuelan State. The services to be rendered by the company established compensation with iron ore as the method of payment, with prices that affected the company's economy. The fact is that the General Prosecutor's Office of the Republic prohibits payment conditions of that kind, precisely because of the negative consequences such payment conditions generate for the companies' economy.

Likewise, the result of the Second Progress Report on the Accounting and Selective Financial Appraisal of the Processes Related to the Commercial Alliances signed by CVG FERROMINERA ORINOCO, C.A., during the years 2011 and 2012, and the financial verification of the funds approved in the context of the 2013 Patria Guayana Plan, entrusted to experts attached to the General Inspectorate of the Republic, establishes the following regarding the contract signed with CME, represented by citizen Tyrone Serrao:

> " *… Regarding the alliance with Commodities and Minerals Enterprises Ltd.*
>
> *1. Based on the FrameWork Agreement signed between Corporación Venezolana de Guayana (CVG) and Commodities and Minerals Enterprises Ltd (CME), dated 30/01/2009, whose purpose is to reactivate the operation of the mineral deposit at Cerro Bolívar under a Commercial Alliance scheme with CVG Ferrominera Orinoco (FMO) and CME, the chairman of FMO, citizen Radwan Sabbagh Achkar, approved the Update Report Nº 024/11 dated 23/09/11, requested by the **General Management of the Mining Operations Department**,*

> *signed by the General Manager of Mining Operations, the Technical Manager of Mining Operations, the Head of the Planning Department, the Administrative Manager, the General Manager of Strategic Planning, the General Administrative Manager, the General Manager of Administration and Finance, citizen María Rodríguez, and the Legal Advisor, citizen Noel Ramírez, in which it was agreed to sign contracts totalling **$ 423,813,000.00**. However, to date no precise determination has been reached concerning the signature and execution of the contracts referred to in the Update Report to the Chairman, a situation which will be analysed later …".*

For the factual reasons set out above, on **23/10/2013** the Public Prosecutor's Office, through the Prosecutors appointed to the case, requested to the Ninth Court of First Instance in charge of the Criminal Judicial Circuit of the Metropolitan Area of Caracas in case **Nº 9C-18155-13** for an order to arrest citizen **TYRONE VICENTE SERRAO BAPTISTA** for being **the immediate collaborator in the crime of Embezzlement, collusion of a Public official with a contractor** and **collusion to commit a crime**, envisaged and penalised by article 52 of the Anti-Corruption Law in combination with article 83 of the Criminal Code (Extraordinary Official Gazette Nº 5768 of 13/04/2005), article 70 of the Anti-Corruption Law and article 37 of the Law against Organised Crime and the Financing of Terrorism (Official Gazette Nº 39912 of 30/04/2012).

The said arrest order was handed down by the aforementioned Court on 24/10/2013, on the basis that there was sufficient evidence to presume the participation of citizen **TYRONE VICENTE SERRAO BAPTISTA**, representing Commodities & Minerals Enterprises Ltd (CME), in the Bolivarian Republic of Venezuela, for the aforementioned crimes, for which reason that citizen has been sought since 24/10/2013 according to official document 2303-2013 of the same date, issued by the Ninth Court of First Instance on duty in charge of the Criminal Judicial Circuit of the Metropolitan Area of Caracas, in the System for the Investigation and Police Information of the body of Criminal Forensic Investigators, as indicated in the document dated 15/03/2017, issued by the Police Information Division of the Body of Criminal Forensic Investigators, signed by José Martín, Commanding Officer of the Police Information Division.

Moreover, it should be noted that citizen **TYRONE VICENTE SERRAO BAPTISTA** was called to take part in system i-24/7 on 15/03/2017, in document 01-FMP-57-NN-0200-2017 issued by the Fifty-Seventh National Full Public Prosecutor's Office, because he had failed to appear before the competent judicial authorities to take part in the proceedings against him, thus evading Venezuelan justice, so that his participation in the above-described acts remains unpunished.

Nevertheless, it must be pointed out that in the present investigation, the Public Prosecutor's Office presented a formal accusation against the ex-chairman of CVG Ferrominera Orinoco, C.A., **RADWAN SABBAGH ACHKAR**, holder of identity Nº V-8.358.1325, dated 26/08/2013, for the crime

4

of **EMBEZZLEMENT BY PUBLIC OFFICAL, AGGRAVATED MISAPPROPRIATION, EVASION OF TENDERING PROCEDURES, and COLLUSION BETWEEN PUBLIC OFFICIALS AND CONTRACTORS**, envisaged and penalised by articles 52, 57, 58 and 70 of the Anti-Corruption Law respectively, and the crime of **COLLUSION TO COMMIT A CRIME**, envisaged and penalised in article 37, in combination with article 27, of the Statutory Law Against Organised Crime and the Financing of Terrorism, by virtue of his participation in the above-described acts, in that on **21/07/2016**, he demonstrated his wish to admit the acts of which he was accused before the Sixth Court of First Instance on duty in the Criminal Judicial Circuit of the Metropolitan Area of Caracas, in the case identified with the number **6J-969-2015**, being sentenced to six years in prison, a fine of 20% of the amount of the patrimonial loss concerning the crime Embezzlement and 70% of the fine for the crime of Collusion to commit a crime with a Contractor, as well as the ancillary legal penalties envisaged in article 16 of the Criminal Code and article 96 of the Anti-Corruption Law (in force at the time of the facts).

For those same acts, but with different degrees of participation, also accused by the Public Prosecutor's Office on 04/09/2013 were the citizens **MARIA CAROLINA ACOSTA**, holder of identity Nº V-8.528.392, Finance Manager of CVG Ferrominera Orinoco, C.A., for committing the crimes of **Facilitating Embezzlement, Aggravated Misappropriation and Collusion to Commit a Crime**, envisaged and penalised in article 52 of the Anti-Corruption Law, in combination with article 84, sub-paragraph 3, of the Criminal Code, article 57 of the Anti-Corruption Law and article 37 of the Law against Organised Crime and the Financing of Terrorism, respectively; **MARIA ISABEL RODRIGUEZ HIDALGO**, holder of identity Nº V-5.393.707, General Administration and Finance Manager of CVG Ferrominera Orinoco C.A., for committing the crimes of **Embezzlement, Aggravated Misappropriation and Collusion to commit a crime**, envisaged and penalised in articles 52 and 57 of the Anti-Corruption Law, the first two, and article 37 of the Law Against Organised Crime and the Financing of Terrorism; **NOEL ANTONIO RAMIREZ BASTARDO**, holder of identity Nº V-8.872.746, Legal Advisor to CVG Ferrominera Orinoco C.A., an accomplice in the crime of **Embezzlement and From Collusion to commit a crime**, envisaged and penalised in article 52 of the Anti-Corruption Law in combination with article 84, sub-paragraph 3, of the Criminal Code, article 57 of the Anti-Corruption Law and article 37 of the Law Against Organised Crime and the Financing of Terrorism.

Likewise, on **19/12/2013** the Public Prosecutor's Office issued an accusation against the citizen **ANGEL RAMON CAMPERO FRANCO**, holder of identity Nº V-8.955.242, Technical Manager of Mining Operations of CVG Ferrominera Orinoco C.A., for the crime of being an **Immediate Collaborator in Embezzlement and Collusion to commit a crime**, envisaged and penalised in article 52 of the Anti-Corruption Law in combination with article 83 of the Criminal Code and article 37 of the Law Against Organised Crime and the Financing of Terrorism.

This being how matters now stand and by virtue of the convincing evidence presented by the Public Prosecutor's Office in the accusatory documents

against the citizens **MARIA CAROLINA ACOSTA, MARIA ISABEL RODRIGUEZ HIDALGO** and **ANGEL RAMON CAMPERO FRANCO**, dated **30/04/2015**, at the preliminary hearing held in the Ninth Court of First Instance on Duty for the Supervision of the Judicial Constituency of the Metropolitan Area of Caracas, the aforementioned citizens were accused. **MARIA CAROLINA ACOSTA** was sentenced to five years and two months in prison, while **ANGEL RAMON CAMPERO FRANCO** was sentenced to three years and six months in prison. All the aforementioned accused parties were ordered to pay the fine of 20% of the patrimonial loss caused to the Venezuelan State in the figure of CVG Ferrominera Orinoco C.A. and the ancillary penalty of being disqualified from holding a public office envisaged in article 96 of the Anti-Corruption Law.

The citizen **NOEL ANTONIO RAMIREZ BASTARDO**, holder of identity Nº V-8.872.746, remains subject to a judicial measure depriving him of liberty as laid down in articles 236, 237 and 238 of the Statutory Criminal Proceedings Code, because there has been no change in the circumstances of time, method and place which generated that measure and his case is pending before the Sixth Court of First Instance on duty in the Judicial Criminal Circuit of the Metropolitan Area of Caracas, in the proceedings identified with the number 6J-969-2015, the date fixed for the oral and public hearing being 01/02/2017.

However, the investigation into the citizen **TYRONE VICENTE SERRAO BAPTISTA** and into the other people against whom criminal proceedings are also in progress for those same acts in the Bolivarian Republic of Venezuela, is still going on, in the hope that they will present themselves to the competent authorities for the determination of their liability for the above-described acts.

[signed]



38 Rue de Berri
75008 Paris
Tel : 0130094190
www.hltrad.com

City of Paris

Paris, May 12, 2017

This is to certify that the attached translation from Spanish into English is an accurate representation of the document received by this office

The document is designated as Witness Statement of Paula María Ziri-Castro López

Eric Le Poole, President in this company, attests to the following:

To the best of my knowledge, the aforementioned document is a true, full, and accurate translation of the specified document.


- Witness Statement of Paula María Ziri-Castro López



Signature of Eric Le Poole