UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-25217-GAYLES

**COMMODITIES & MINERALS
ENTERPRISE LTD.**,

    Petitioner,

v.

**CVG FERROMINERA ORINOCO, C.A.**,

    Respondent.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Commodities & Minerals Enterprise Ltd.'s First Amended Petition (Complaint) to Confirm, Recognize, and Enforce Final Arbitration Award and for Entry of Judgment (the "Petition") [ECF No. 24]. The Court has reviewed the Petition and the record and is otherwise fully advised. For the reasons that follow, the Petition is granted.

## BACKGROUND

This action arises out of a series of contract disputes between Petitioner and Respondent CVG Ferrominera Orinoco, C.A. Specifically, Petitioner brought a breach of contract claim, and an alternative claim for account, against Respondent pertaining to the parties' Transfer System Management Contract (the "TSMC"), which governed Petitioner's management and operation of Respondent's iron ore transfer system. Pursuant to the TSMC, Petitioner brought its claims before an arbitration panel (the "Panel") on February 9, 2016. At the conclusion of the arbitration hearing,

a final arbitration award (the "Award")[1] was issued and a final corrected copy of the Award was delivered to Respondent on February 27, 2019.[2] Respondent neither served notice of nor moved to vacate, modify, or correct the Award within three months of its delivery. On July 19, 2021, Petitioner filed the instant Petition pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201 *et seq.*, and Article III of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 38 (the "New York Convention"), codified at 9 U.S.C. §§ 201–208. [ECF No. 24].

## LEGAL STANDARD

"It is well settled that judicial review of an arbitration award is narrowly limited[,]" *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995) (citations omitted), and "is among the narrowest known to the law." *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (citation omitted). Indeed, the FAA "expresses a presumption that arbitration awards will be confirmed." *Aviles v. Charles Schwab & Co.*, 435 F. App'x 824, 827 (11th Cir. 2011) (citation omitted).

To obtain recognition and enforcement of an arbitration award under the New York Convention, at the time of the application, a petitioner must provide: (1) the duly authenticated original award or a duly certified copy thereof; and (2) the arbitration agreement or a duly certified copy thereof.[3] New York Convention, art. IV, 1. The FAA requires that notice of a motion to vacate, modify, or correct an arbitration award be served within three months after delivery of the award. 9 U.S.C. § 12. The New York Convention provides that "[t]he court shall confirm the award

---

[1] On December 20, 2018, the Panel issued a Final Award, which it corrected on February 11, 2019. *See* [ECF No. 24 at 2].
[2] Petitioner's briefing incorrectly references the date as February 25, 2019, but the affidavit and exhibit it relies on reference the date as February 27, 2019. *Compare* [ECF No. 24], *with* [ECF Nos. 27 & 27-4]. The Court will adopt the date from the affidavit but notes that the minor discrepancy of the date does not impact Petitioner's argument.
[3] Petitioner complied with this requirement. *See* [ECF Nos. 27, 27-1, 27-3, & 27-5].

unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Article V of the New York Convention sets forth the limited grounds for refusal of recognition. Ultimately, "a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1288 (11th Cir. 2002) (citation omitted).

## DISCUSSION

Respondent raises two arguments against confirmation of the Award: (1) the Award violates the public policy of the United States under Article V(2)(b) of the New York Convention; and (2) the Panel failed to provide a reasoned Award [ECF No. 31].[4] The Court finds that these arguments are barred because Respondent failed to provide notice or move to vacate, modify, or correct the Award within three months of its delivery.

As previously stated, the Award was delivered to Respondent on February 27, 2019, but Respondent failed to timely seek vacatur. *See Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (finding that the FAA's three-month limitations period applies to vacatur actions under the New York Convention). Respondent does not dispute that it did not seek such vacatur. [ECF No. 31 at 9]. This is fatal for Respondent because a party that fails to seek vacatur of an arbitration award within the three-month time limit is also barred from later raising defenses in opposition to a motion to confirm an arbitration award. *See Grupo Unidos Por El Canal, S.A. v.*

---

[4] Respondent fails to allege whether its second argument is brought pursuant to one of the exclusive defenses allowed under the New York Convention. However, given that the TSMC's arbitration provision states "[a]rbitration shall be conducted . . . in accordance with the Rules of the Society of Maritime Arbitrations[,]" *see* [ECF No. 24-5], and Respondent alleges that "the Panel failed to issue an award comporting to the requirements of the Maritime Arbitration Rules of the Society of Maritime Arbitrations, Inc.[,]" *see* [ECF No. 31 at 7], the Court generously construes Respondent's argument as one under Article V(1)(d): "The composition of the arbitral authority or the arbitral *procedure* was not in accordance with the agreement of the parties[.]" (emphasis added). As such, the argument is barred for the reasoning discussed *infra*. If, however, Respondent's argument was not brought pursuant to this defense, the Court finds that the argument is barred for the additional reason that it is not one made under the permissible defenses. *See Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998) (finding defense fails where it was not one of the New York Convention Article V's exclusive enumeration of defenses).

3

*Autoridad del Canal de Panama*, No. 17-CIV-23996, 2018 WL 3059649, at *6 (S.D. Fla. June 20, 2018) ("Indeed, given the application of the three-month limitation period to New York Convention proceedings, drawing a distinction as the [p]etitioners suggest would be illogical, as it would allow a party barred from seeking vacatur to back-door the very same barred arguments in opposition to a motion to confirm, essentially providing the party two bites at the apple."); *Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, No. 16-CIV-24275, 2017 WL 1737648, at *7 (S.D. Fla. May 2, 2017), *aff'd on other grounds*, 921 F.3d 1291 (11th Cir. 2019) (relying on Eleventh Circuit precedent to bar affirmative defenses to cross-petition for confirmation of arbitral award under the New York Convention where party sought vacatur within the three-month period but failed to timely serve required notice). As a result, Respondent is barred from raising defenses to Petitioner's Petition, and the Petition shall be granted.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Petitioner Commodities & Minerals Enterprise Ltd.'s First Amended Petition (Complaint) to Confirm, Recognize, and Enforce Final Arbitration Award and for Entry of Judgment, [ECF No. 24], is **GRANTED**;

2. Petitioner shall submit a proposed final judgment to the Court in Word format for entry, consistent with this Order; and

3. This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of December, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE